IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEHAVIORAL HOSPITAL OF BELLAIRE, LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. _____ |
| BEHAVIORAL HEALTH MANAGEMENT, LLC, ASCEND HEATLH CORPORATION, and UNIVERSAL HEALTH SERVICES, INC. | § § § § § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Behavioral Hospital of Bellaire, LLC ("BHB") files this Original Complaint against Behavioral Health Management, LLC ("BHM"), Ascend Health Corporation ("Ascend"), and Universal Health Services, Inc. ("UHS")(collectively "Defendants") as follows:

### I.
### PARTIES

1.  Plaintiff Behavioral Hospital of Bellaire, LLC is a Louisiana limited liability company with its principal place of business at 2801 Network Blvd., Suite 810, Frisco, Texas 75034.

2.  Defendant Behavioral Health Management, LLC is a Delaware limited liability company with its principal place of business at 32 East 57th Street, 17th Floor, New York, New York 10022. Defendant Behavioral Health Management, LLC owns and operates the Behavioral Hospital of Bellaire located at 5314 Dashwood Drive, Houston, Texas 77081 (the "Property").

Behavioral Health Management, LLC can be served with process by delivering a summons and a copy of this Original Complaint to it at its registered agent, CT Corporations System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-0136.

3. Defendant Ascend Health Corporation is a Delaware corporation. Defendant Ascend Health Corporation was the sole member of Behavioral Health Management, LLC from July 14, 2010 until it sold its interests in BHM to Universal Health Services, Inc. on or around October 2012. Ascend Health Corporation can be served with process by delivering a summons and a copy of this Original Complaint to it at its registered agent, CT Corporations System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-0136.

4. Defendant Universal Health Services, Inc. is a company organized under the laws of Pennsylvania with its principal place of business in the state of Pennsylvania. Defendant Universal Health Services, Inc. is the sole member of Behavioral Health Management, LLC since approximately October 2012. Universal Health Services, Inc. can be served with process by delivering a summons and a copy of this Original Complaint to it at its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## II.
### JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.00, as the minimum amount sought by BHB is the sum of $400,000.00 specified in the contract that is the basis of this suit. Further, there exists complete diversity of citizenship. The members of BHB are all Louisiana citizens. Ascend, a Delaware corporation with its principal office and place of business in New York, New York, making Ascend a citizen of New York. UHS is a company organized under the laws of Pennsylvania with its principal place of business in the state of Pennsylvania, making UHS a

citizen of New York. Based on information and belief, the sole members of BHM were Ascend (between July 14, 2010 and October 2012), a Delaware corporation with its principal place of business in New York, New York or UHS (since October 2012), a Pennsylvania company organized under the laws of Pennsylvania with its principal place of business in Pennsylvania.

6. Venue is proper pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events giving rise to the claim occurred in Houston, Texas, and as the property that was sold pursuant to the contract that is the basis of this suit is located in Houston, Texas.

7. Further, pursuant to Paragraph 23 of the Asset Purchase Agreement ("APA") by and between the parties, each party has consented to the jurisdiction of this Court.

### III.
### FACTUAL BACKGROUND OF THE CASE

8. On July 14, 2010, after negotiations and due diligence, BHB (among other parties), as seller, and BHM, as purchaser, entered into the APA pursuant to which BHM acquired BHB's assets. A true and correct copy of the APA is attached hereto as Exhibit A.

9. Ascend was the sole member of BHM until approximately October 2012.

10. On or around October 2012, UHS purchased Ascend, including, but not limited to, Ascend's member interest in BHM.

11. Pursuant to §2.3 of the APA, BHM agreed to pay BHB an earn-out payment (the "Earn-Out Payment") contingent on the level of Earnings Before Interest, Tax, Depreciation, Amortization and Marketing ("EBITDAM") achieved by the purchased assets ("Purchased Assets") in the twelve (12) month period beginning on the first day of the first month immediately following the Closing Date of the transaction contemplated by the APA (the "Measurement Period").

12.     The Measurement Period began on September 1, 2010 and terminated on August 31, 2011.

13.     Within ninety (90) days of the end of the Measurement Period, the APA required BHM to deliver to BHB a statement of operations for the Measurement Period calculating EBIDAM for the Purchased Assets. (Exhibit A, Agreement, §2.3(e)).

14.     On August 22, 2012, BHM delivered to BHB, at BHB's request, the EBITDAM calculation spreadsheet (the "EBITDAM Statement") together with all underlying documentation supporting the calculation. A true and correct copy of the EBITDAM Statement is attached hereto as Exhibit B. According to BHM's EBITDAM Statement, EBITDAM for the Purchased Assets in the Measurement Period amounted to $864,353.00, which did not rise to the minimum level of $2,500,000.00 that would obligate BHM to pay BHB the minimum Earn-Out Payment of $400,000.00.

15.     BHB, utilizing the EBITDAM Statement and supporting data provided by BHM, reviewed, analyzed, and reverse engineered BHM's EBITDAM calculation. BHB discovered that BHM improperly reduced net income by deducting depreciation and taxes, and overstated expenses for legal fees, salaries to employees of its sole member corporation, payroll taxes, vacation time, paid-time-off, bonuses, and bad debt expense. According to BHB's analysis and revised calculations, EBITDAM for the Measurement Period is properly calculated in the amount of $2,756,211.11. A true and correct copy of BHB's revised EBITDAM calculation for the Measurement Period is attached hereto as Exhibit C. The revised EBITDAM calculation entitles BHB to an Earn-Out Payment of $400,000.00 pursuant to § 2.3(a) of the APA.

16.     Moreover, BHB reviewed, analyzed, and reverse engineered BHM's statement of operations and associated data for the time period after the expiration of the Measurement

Period.  BHB discovered that immediately after the expiration of the Measurement Period, EBITDAM for the Purchased Assets began trending upward.  On information and belief, BHB's analysis of the Measurement Period EBITDAM calculation performed by BHM and BHB's discovery of the upward EBITDAM trend immediately following the termination of the Measurement Period demonstrates that BHM intentionally understated revenue and overstated expenses for the purpose of avoiding the obligation to pay BHB its Earn-Out Payment.

17. To date, BHM, Ascend or UHS have not paid BHB its Earn-Out Payment of $400,000.00 pursuant to § 2.3(a) of the APA.  BHB has sought this payment without judicial intervention, but the Defendants have refused to comply with §2.3(a) of the APA in light of BHB's calculations.  As such, all conditions precedent to the filing of this suit have been fulfilled by BHB.  In light of the Defendants' refusal to comply with §2.3(a) of the APA and provision of false or overstated EBITDAM, BHB now sues the Defendants to collect the amounts due and owing to BHB.

### IV.
### CAUSE OF ACTION – BREACH OF CONTRACT

18. BHB incorporates by reference the allegations in paragraphs 1 -17.

19. BHB asserts a claim against BHM, Ascend and UHS for breach of contract.

20. BHB and BHM entered into the APA, a valid, enforceable contract.  Pursuant to the APA, BHM was obligated to calculate EBITDAM for the Purchased Assets for the Measurement Period in accordance with §2.3 of the APA.  If EBITDAM was between $2,500,000.00 and $2,999,999.99, BHM was obligated to pay BHB an Earn-Out Payment of $400,000.00.

21. BHM calculated EBITDAM for the Purchased Assets for the Measurement Period in the amount of $864,353.00; however, BHM falsely calculated EBITDAM by improperly

reducing net income by deducting depreciation and taxes, and overstating expenses for legal fees, salaries to employees of its sole member corporation, payroll taxes, vacation time, paid-time-off, bonuses, and bad debt expense. The correct calculation yields EBITDAM for the Purchased Assets for the Measurement Period in the amount of $2,756,211.11, thus entitling BHB to an Earn-Out Payment of $400,000.00 from BHM.

22.     BHM, Ascend and UHS have failed to properly calculate EBITDAM and failed to pay BHB the Earn-Out Payment of $400,000.00, which it is contractually obligated to do pursuant to §2.3 of the APA. Accordingly, BHM, Ascend and UHS are in breach of the APA.

23.     BHB requests that the Court award it judgment against BHM, Ascend and UHS for the sum of $400,000.00, together with pre- and post-judgment interest, and costs and attorneys' fees against all Defendants. *See* §14.2(a) of the APA; Tex. Civ. Prac. & Rem. Code § 38.001.

## CAUSE OF ACTION – ATTORNEYS' FEES

24.     BHM's, Ascend's and UHS' conduct as described herein and the resulting damage and loss to BHB has necessitated Plaintiff's retention of Crouch & Ramey, L.L.P. and its former counsel, Pulman, Cappuccio, Pullen & Benson, LLP. Plaintiff is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for all such attorneys' necessary services in the preparation and prosecution of this action, as well as reasonable fees for any and all necessary appeals to other courts.

## V.
### JURY DEMAND

25.     BHB hereby demands a trial by jury and tenders the jury fee herewith.

# VI.
## PRAYER

26. Plaintiff, Behavioral Hospital of Bellaire, LLC, prays that upon the final hearing of this matter, the Court enter judgment awarding Behavioral Hospital of Bellaire, LLC judgment against Behavioral Health Management, LLC, Ascend Health Corporation, and Universal Health Services, Inc. for the sum of $400,000.000, together with pre- and post-judgment interest, costs of court, and attorneys' fees.

Respectfully submitted,

CROUCH & RAMEY, L.L.P.

By: */s/ Court D. Smith*
**Court D. Smith**
Attorney-in-Charge
State Bar No. 24008049
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Telecopier: (214) 922-7101
Email: csmith@crouchfirm.com

**COUNSEL FOR BEHAVIORAL HOSPITAL OF BELLAIRE, LLC**

OF COUNSEL:
**CROUCH & RAMEY LLP**
Jennifer L. Graf
Texas State Bar No. 24043699
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Telecopier: (214) 922-7101
Email: jgraf@crouchfirm.com