IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEHAVIORAL HOSPITAL OF BELLAIRE, LLC, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. H-14-656 |
| BEHAVIORAL HEALTH MANAGEMENT, LLC, ASCEND HEALTH CORPORATION, *and* UNIVERSAL HEALTH SERVICES, INC., | | |
| Defendants. | | |

ORDER

Pending before the Court is Ascend Health Corporation and Universal Health Services, Inc.'s Motion to Dismiss for Failure to State a Claim (Document No. 19). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This case arises out of a contract between Plaintiff Behavioral Hospital of Bellaire, LLC ("BHB") and Defendant Behavioral Health Management, LLC ("BHM"). In 2010, BHB entered into an asset purchase agreement (the "APA") with BHM, pursuant to which BHM acquired BHB's assets. As part of the APA, BHM agreed to pay BHB an earn-out payment contingent on the level of earnings

before interest, tax, depreciation, amortization, and marketing ("EBITDAM") achieved by the purchased assets in the twelve-month period immediately following the closing date of the transaction governed by the APA. For BHM to be obligated under the APA to pay BHB any earn-out payment, the EBIDTAM had to total at least $2,500,000 in which case a $400,000 pay out would be due.

In August 2012, BHM delivered to BHB a calculation of the EBITDAM totaling $864,353. BHB alleges that, upon reviewing the documentation submitted by BHM in support of this figure and reverse engineering the calculation, it discovered that BHM improperly reduced net income and overstated expenses. According to BHB, EBITDAM for the submitted measurement period should have been properly calculated at $2,756,211.11—an amount high enough to entitle BHB to a payment of $400,000.

On March 14, 2014, BHB commenced this action, naming BHM, Ascend Health Corporation ("Ascend"), and Universal Health Services, Inc. ("UHS") (collectively, "Defendants") as defendants and alleging a single substantive claim for breach of contract. The Court granted Ascend and UHS's motion to dismiss but also granted BHB leave to amend its complaint. On September 2, 2014, BHB filed its Amended Complaint, alleging breach of contract against BHM and claims of

tortious interference and piercing the corporate veil based on fraud[1] against Ascend and UHS. Ascend and UHS now move to dismiss BHB's claims against them for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R.CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most

---

[1] The heading of BHB's second cause of action is "Piercing the Corporate Veil." *Plaintiff's Amended Complaint*, Document No. 18 at 7. However, as discussed in section III.B of this Order, the necessary underlying cause of action pled in the amended complaint is fraud. *See Plaintiff's Amended Complaint*, Document No. 18, ¶ 27 ("the statutory protections afforded to members and managers of a limited liability company give way when a plaintiff can show that the limited liability company was used for the purpose **of perpetrating, and did perpetrate, an actual fraud for the member or manager's direct benefit**." (emphasis added)).

favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

*A.    Tortious Interference*

Under Texas law, tortious interference with a contract requires "(1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Powell Industries, Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998). A corporation cannot interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995). Actions of a corporate agent are deemed to be acts of the corporation itself. *Id.* at 795. Where the plaintiff alleges the defendant is both an agent of the corporation and also the third party who induced the corporation to breach its contract, the plaintiff must show that the agent acted

4

"solely in his own interests." *Powell Industries*, 985 S.W. 2d at 457. Because a principal corporation is in a better position to evaluate its own interests than a court, the principal must complain about its agent's actions before it can be held that the agent acted contrary to the principal's interests. *Id.*

In its first amended complaint, BHB contends Ascend and UHS (as successor to Ascend) acted as corporate agents of BHM.[2] BHB alleges facts that show Ascend/UHS miscalculated the EBITDAM reported by BHM and, in so doing, "willfully and intentionally" interfered with the contract between BHB and BHM.[3] In addition, BHB asserts facts that show Ascend/UHS are withholding funds held in escrow that are due to BHB pursuant to the APA, thus further interfering with the contract.[4] However, BHB does not plead any facts that suggest BHM complained about the alleged actions taken by its corporate agents Ascend/UHS. In fact, BHB alleges "all of the Defendants have misrepresented that the EBITDAM is correct,"[5] including BHM. Without a complaint on the part of BHM, neither Ascend nor UHS can be held to have acted solely in its own interests and against the interests of BHM. Because BHB did not plead any facts to show

---

[2] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 32.

[3] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 32.

[4] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 32.

[5] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 32.

Ascend and UHS, as corporate agents of BHM, acted solely within their own interests, a cause of action for intentional interference with a contract cannot be sustained. Accordingly, BHB's tortious interference claim is dismissed with prejudice.

B.     *Piercing the Corporate Veil*

BHB's amended complaint indicates that its second cause of action is "Piercing the Corporate Veil."[6] However, under Texas law, piercing the corporate veil is not an independent cause of action, but instead a means of imposing liability on an underlying cause of action. *Gallagher v. Bintliff*, 740 S.W.2d 118, 119 (Tex. App.—Austin 1987, writ denied). Based on the language of the amended complaint, the underlying cause of action pled by BHB is fraud.[7] Fraud by misrepresentation requires a misrepresentation that is "(1) material; (2) false; (3) knowingly false or made with reckless disregard for its truth or falsity; (4) made with the intention that it be acted upon by the other party; (5) relied upon by the other party; (6) damaging to the other party." *Menetti v. Chavers*, 974 S.W.2d 168 (Tex. App.—San Antonio 1998, no pet.).

---

[6] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 26.

[7] *See* Section I of this Order, *supra* note 1; *Plaintiff's Amended Complaint*, Document No. 18, ¶ 27 ("the statutory protections afforded to members and managers of a limited liability company give way when…the limited liability company was used for the purpose of perpetrating, and did **perpetrate, an actual fraud for the member or manager's direct benefit**." (emphasis added)).

In its amended complaint, BHB does not allege it relied on the EBITDAM calculation submitted by Defendants that is the subject of this lawsuit. Rather, BHB contends it "reverse engineered" the EBITDAM calculated by Defendants in order to arrive at its own formulation of EBITDAM.[8] Because BHB does not assert facts that indicate its reliance on the EBITDAM calculated by Defendants, a fraud claim cannot be sustained.

Moreover, based on the amended complaint, it is unclear which defendant supplied BHB with the allegedly miscalculated EBITDAM. The question of who perpetrated the fraud by supplying the miscalculated EBITDAM is critical because Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard for allegations of fraud. FED. R. CIV. P. 9(b). Specifically, "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Pleading fraud with particularity requires that "at a minimum . . . a plaintiff must set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892 (5th Cir. 2013). These heightened pleading requirements provide "a 'screening function' to ensure that the case has not been brought for frivolous reasons" and "prevent[] discovery intended as a mere fishing expedition." *Id.* n.2.

---

[8] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 15.

In the section of BHB's amended complaint titled "Cause of Action 2—Piercing the Corporate Veil," BHB asserts "BHM's sole member Ascend (now UHS), was solely responsible for the EBITDAM calculation...."[9] However, in other sections of the amended complaint, BHB asserts "[p]ursuant to the APA, BHM was obligated to calculate EBITDAM . . .BHM falsely calculated EBIDTAM by improperly reducing net income . . .BHM has failed to properly calculate EBITDAM and failed to pay BHB the Earn-Out Payment . . . ."[10] These allegations appear to direct responsibility for the EBITDAM calculation toward BHM rather than Ascend/UHS. Due to this discrepancy within the complaint, BHB does not clearly set forth the "who" of who was responsible for calculating and submitting the EBITDAM that constitutes the fraud at issue. Thus, BHB does not meet the heightened pleading standard required for fraud. Accordingly, BHB's piercing the corporate veil claim, which the Court construes as a claim based on fraud, is dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[9] *Plaintiff's Amended Complaint*, Document No. 18, ¶ 29.

[10] *Plaintiff's Amended Complaint*, Document No. 18, ¶¶ 21–23.

**ORDERS** that Ascend Health Corporation and Universal Health Services, Inc.'s Motion to Dismiss for Failure to State a Claim (Document No. 19) is **GRANTED**.

SIGNED at Houston, Texas, on this __14__ day of May, 2015.

*/s/ David Hittner*
DAVID HITTNER
United States District Judge